UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REYNIEL OTONIEL RAMOS
ALVAREZ,

    Petitioner,

v.

              Case No. 3:25-cv-1038-MMH-LLL

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT and DHS-ICE-ERO,

    Respondents.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

  Petitioner Reyniel Otoniel Ramos Alvarez initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition; Doc. 1). He is currently being held in the Baker County detention facility by U.S. Immigration and Customs Enforcement (ICE). According to Alvarez, ICE took him into custody on April 9, 2025, the immigration court ordered him removed on June 6, 2025, and he did not file an appeal to the Board of Immigration Appeals. Id. at 4. Alvarez contends that his continued detention is unlawful and requests the Court order his immediate release. Id. at 5–6.

  The Court notes Alvarez failed to sign his Petition, and it is thus incomplete. See Fed. R. of Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is

unrepresented."). However, regardless of the absent signature, the Court finds Alvarez's request is premature.

In <u>Zadvydas v. Davis</u>, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. <u>Id.</u> at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. <u>Id.</u> "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." <u>Akinwale v. Ashcroft</u>, 287 F.3d 1050, 1052 (11th Cir. 2002). After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. <u>Id.</u> (quoting <u>Zadvydas</u>, 533 U.S. at 701). Thus, "in order to state a claim under <u>Zadvydas</u> the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Akinwale</u>, 287 F.3d at 1052.

Alvarez's removal order became final, and his removal period began to run, on June 6, 2025. <u>See</u> 8 U.S.C. § 1231(a)(1)(B), Thus, his claim under

2

Zadvydas is not yet ripe, and the Petition is premature. Accordingly, the Petition will be dismissed without prejudice. When Alvarez's Zadvydas claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal. Should he wish to file a new petition, Alvarez must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis.[1] Additionally, Alvarez must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED:**

1. The Petition (Doc. 1) is **DISMISSED** without prejudice.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Alvarez a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

---

[1] Alvarez filed an incomplete request to proceed as a pauper in this case. See Doc. 2.

JaxP-12
c:
Reyniel Otoniel Ramos Alvarez, #A246-208-803